NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

THE UNITED STATES LIFE INSURANCE )
COMPANY IN THE CITY OF NEW YORK, )
                         )
          Plaintiff, )
                         )
          v. )
                         )
MICHAEL ROMASH, as Executor of the Estate of )
Nicholas V. Feodoroff, and LANA SHILENOK )
                         )
          Claimants. )
_____)

Hon. Garrett E. Brown, Jr.

Civil Action No. 09-3510 (GEB)

**MEMORANDUM OPINION**

**BROWN**, **Chief Judge:**

This matter comes before the Court on the motion for default judgment (Doc. No. 15) filed

by Plaintiff, The United States Life Insurance Company in the City of New York ("United States

Life"), against Defendant Michael Romash as Executor of the Estate of Nicholas V. Feodoroff.[1]

For the following reasons, the Court will grant Plaintiff's motion.

## I.      BACKGROUND

This matter arises out of competing claims to a life insurance policy[2] which provided

decedent Nicholas V. Feodoroff ("Feodoroff") with $10,000 worth of coverage at the time of his

death on September 28, 2003.  According to the Complaint, Feodoroff initially designated Barbara

H. Lewis as the policy beneficiary, but he executed a Change of Beneficiary Form, on June 4,

_____

[1] This matter was reassigned to the undersigned by Order of March 15, 2010.

[2] The policy at stake is Group Term Life and Accident Health Insurance Policy
No. G 235683.

1998, designating Alexey Shilenok as beneficiary of the policy.  Subsequently, by Last Will and

Testament dated April 17, 2003, Feodoroff named the Emperor Nicholas the Second School ("the

School"), located in Rostov on the Don, Russia, as the beneficiary.  (Compl. ¶¶ 7, 10-15.)  United

States Life, however, contends that Feodoroff failed to submit the required Change of Beneficiary

Form necessary to designate the School as beneficiary of the policy.  (Pl.'s Br. at 2.)

Mr. Shilenok died on April 6, 2006, leaving his widow Lana Shilenok as the sole

beneficiary of his estate.  Following Feodoroff's death, his employer filed a completed Proof of

Group Death Claim seeking to award payment of the life insurance policy to Romash, who had

been appointed executor of Feodoroff's estate by the Surrogate Court of the State of New York,

Rockland County.  (*Id.* at ¶¶ 14, 17.)

Anticipating that both Lana Shilenok and Romash would file competing claims to the

insurance policy, United States Life filed this interpleader action pursuant to 28 U.S.C. § 1335.

Lana Shilenok filed an Answer to the Complaint on September 8, 2009.  (Doc. No. 9.)  On July

29, 2009, United States Life personally served Romash with the Summons and Complaint.

(Varina Certif., Ex. A.)  Despite United States Life's consent to an extension of time, Romash

failed to timely Answer the Complaint.  (*Id.* at ¶¶ 3-4.)  The Clerk entered default against Romash

on November 5, 2009.  United States Life now moves for default judgment against Romash.

## II.    ANALYSIS

When a party fails to answer a complaint, the court must accept as true all allegations

contained in the complaint, except allegations concerning damages.  *Comdyne I, Inc. v. Corbin*,

908 F.2d 1142, 1149 (3d Cir. 1990).  Before entering default judgment, the court must address the

threshold issue of whether it has subject matter jurisdiction and personal jurisdiction over the

parties.  *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).  The matter at

hand is a statutory interpleader action brought under 28 U.S.C. § 1335.  This statute grants district

courts original jurisdiction over any civil action of interpleader if there is minimal diversity

between two or more adverse claimants, the amount in controversy is $500 or more, and if the

plaintiff has deposited such money into the registry of the court.  28 U.S.C. § 1335(a).  This Court

has subject matter jurisdiction because, according to the Complaint, the adverse claimants are

from different states; Lana Shilenok is a citizen of Pennsylvania, and Romash is a citizen of New

Jersey.  (Compl. ¶¶ 5-6.)  Also, the amount in controversy is over $500, and United States Life has

deposited the funds at stake with the Court's Registry.  Therefore, this Court has subject matter

jurisdiction pursuant to § 1335(a).

Additionally, this Court has personal jurisdiction over Romash because he has minimum

contacts with the United States.  Because 28 U.S.C. § 2361 authorizes nationwide service of

process for statutory interpleader claims, this Court's exercise of personal jurisdiction is limited

by the Due Process Clause of the Fifth Amendment, and this Court must ensure that Romash has

minimum contacts with the United States as a whole.  *See Max Daetwyler Corp. v. R. Meyer*, 762

F.2d 290, 293 (3d Cir. 1985); *Mark E. Mitchell, Inc., v. Charleston Library Soc'y*, 114 F. Supp.

2d 259, 263-64 (S.D.N.Y. 2000); *see also Green v. William Mason & Co.*, 996 F. Supp. 394, 396-

97 (D.N.J. 1998) (applying national contacts analysis under ERISA's nationwide service of

process provision).  According to the Complaint, Romash was appointed the executor of

Feodoroff's estate by the Surrogate's Court of the State of New York, Rockland County (Compl.

¶¶ 6, 18), and it is undisputed that Romash was personally served in this action at his New Jersey

residence (Varina Certif., Ex. A). This Court is satisfied that Romash has sufficient contacts with

3

the United States to permit the exercise of personal jurisdiction.  Therefore, this Court will now

turn to the merits of United States Life's motion for default judgment.

Default judgment is governed by Federal Rule of Civil Procedure 55.  Rule 55(a)

provides, in relevant part, as follows:  "When a party against whom a judgment for affirmative

relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "Thereafter, the

plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule

55(b)(2)."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J.

2008) (citation omitted).  "The district court has the discretion to enter default judgment, although

entry of default judgments is disfavored as decisions on the merits are preferred."  *Super 8 Motels,

Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066, at *7 (D.N.J. Apr. 1, 2008) (citing

*Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Before entering default judgment, the court "must make explicit factual findings as to: (1)

whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the

party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady*, 250

F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("[W]e have

further required the district court to make explicit findings concerning the factors it must consider

in rendering judgment by default or dismissal, or in declining to reopen such judgment.")).  "In

weighing these factors, district courts must remain mindful that, like dismissal with prejudice,

default is a sanction of last resort."  *Id.*  (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d

863, 867-68 (3d Cir. 1984)).

The Court concludes that entry of default judgment against Romash is appropriate in this

case.  Romash has not proffered a meritorious claim to the death benefits of the insurance policy and the court is aware of none.  Moreover, the parties have suffered by Romash's failure to respond and will continue to suffer prejudice if default is not entered.  The Court also finds Romash culpable in his failure to respond.  *See Surdi v. Prudential Ins. Co. of Am.*, 2008 U.S. Dist. LEXIS 71738, at *4-5 (D.N.J. Sept. 8, 2008) (When a defendant "'has failed to answer, move, or otherwise respond to the complaint, the entry of a default judgment against him is appropriate.'" (citation omitted)).  Therefore, the Court will grant United States Life's motion for default judgment as to Romash.

In its motion, United States Life seeks an order: (i) granting default judgment against Romash and recognizing Lana Shilenok as the beneficiary; (ii) extinguishing any and all of Romash's claims; (iii) awarding the policy's benefits to Lana Shilenok; (iv) restraining both Lana Shilenok and Romash from instituting any further proceedings against United States Life to recover the policy benefits; (v) discharging United States Life from any and all liability to both Romash or Lana Shilenok under the policy; and (vi) permitting United States Life to offset attorney fees and costs incurred in connection with this action.  Because the Court will enter default judgment against Romash, Lana Shilenok will be the only remaining claimant in this case.  Accordingly, the Court will grant the relief sought by United States Life.  With regards to attorneys' fees, the Court may allow an interpleader plaintiff to offset reasonable attorneys' fees and costs from the policy benefits "if the plaintiff is (1) a disinterested stakeholder, (2) who ha[s] conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability."  *Metro. Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 431 (3d Cir. 2003) (citing *Septembertide Publ'g, B.V. v. Stein & Day, Inc*., 884 F.2d 675, 683 (2d Cir. 1989); 3 A.

5

Moore's Federal Practice ¶ 2.16[2] (2d ed. 1989)); *see also Frontier Ins. Co. v. Mission Carrier, Inc.*, No. 91-5151, 1992 U.S. Dist. LEXIS 12904, at *4-5 (D.N.J. Aug. 24, 1992).  This Court will allow United States Life to offset reasonable attorneys' fees and costs because United States Life is a disinterested stakeholder. Furthermore, United States Life has conceded liability, deposited the disputed funds with the Court, and sought a discharge from liability. The Court will require United States Life to submit descriptive time entries from its billing records and supporting documentation for the Court's review within 10 days.  Lana Shilenok will have 10 days to submit any objections to the reasonableness of United States Life's request for attorneys' fees and costs. Once the Court has had the opportunity to review the parties' submissions regarding attorneys' fees, the Court will issue a final judgment awarding the remaining benefits to Lana Shilenok.

## III.     CONCLUSION

For the foregoing reasons, the Court will grant United States Life's motion for default judgment (Doc. No. 15) against Michael Romash.  United State Life will have 10 days to submit descriptive time entries from its billing records and other documentation relating to its claim for reasonable attorneys' fees and costs.  Lana Shilenok will have 10 days to submit any objections to the reasonableness of United States Life's request for attorneys' fees.  An appropriate form of order accompanies this Memorandum Opinion.

    /s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
